IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| James A. Graham, | : | |
| | : | Civil Action |
| Plaintiff | : | |
| | : | |
| | : | No. _____ |
| v. | : | |
| | : | |
| Keystone Clearwater Solutions, LLC, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, James A. Graham, individually, by and through his attorneys, Dillon McCandless King Coulter & Graham, states that he has a cause of action against Defendant, Keystone Clearwater Solutions, LLC, and in support thereof avers the following:

### I. PARTIES

1.      Plaintiff, James A. Graham, (hereinafter referred to as "James") is an adult individual residing at 163 Green Manor, Butler, Pennsylvania 16002. James worked for Defendant as a Fleet Manager from January 6, 2015, until he was laid off on April 22, 2016.

2.      Defendant, Keystone Clearwater Solutions, LLC, (hereinafter referred to as "Keystone") upon information and belief, is a registered limited liability corporation in the state of Delaware, registered to do business in the Commonwealth of Pennsylvania with a place of business at 310 Seven Fields Boulevard, Suite 151, Seven Fields, PA 16046.

3. Keystone, upon information and belief, is a water service provider offering a range of water-related services to the oil and gas industry throughout the Commonwealth of Pennsylvania.

4. At all relevant times, Keystone is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for interstate commerce, within the meaning of FLSA, 29 U.S.C. §203(d). Keystone is also an "employer" under the Pennsylvania Minimum Wage Act.

5. Keystone operates in interstate commerce by providing water service to the oil and gas industry in the Commonwealth of Pennsylvania which is then distributed throughout the United States.

6. When James was hired, Keystone sent a written offer of employment to James which set forth an annual compensation of Sixty Thousand Dollars ($60,000). James routinely worked more than forty (40) hours in a workweek, but was not paid an overtime premium for any of his overtime.

## II. JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

8. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear John's state law claims brought under the PMWA, 43 P.S. §333.101, et. seq.

9. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1391 because Keystone operates in this district, James worked in this district for Keystone and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III. CHRONOLOGY OF FACTS

10. On or about January 6, 2015, James began working as a Fleet Manager for Keystone at its facility in Seven Fields, Butler County.

11. At that time, James was compensated as an hourly employee and received compensation at the rate of $28.84 per hour.

12. James was a full-time "at will" hourly employee of Keystone and he was a non-exempt employee.

13. As a Fleet Manager, James' duties consisted of maintenance repair of all vehicles and did not provide him with the level of authority that would exempt him and those similarly situated from being paid for all overtime worked.

14. James' duties as a Fleet Manager were non-discretionary, non-managerial in nature.

15. At all times relevant, James was paid an hourly wage and he was not compensated for hours worked over the forty (40) hour work week as required by the Fair Labor Standards Act and Pennsylvania's Wage Payment and Collection Act.

16. During his time as Fleet Manager, James had little, insignificant and/or discretionary authority whatsoever and could not freely hire or fire employees.

17. During his time with Keystone, James' suggestions and recommendations as to the hiring, firing, advancement, promotion or any change of status of other employees were not given weight or consideration with management.

18. At all material times, Keystone has systematically and continuously failed to compensate James for hours worked over the forty (40) hour work week in accordance with Federal and Pennsylvania law. Keystone was aware or should have been aware of the requirements to pay overtime compensation to James.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

19. Plaintiff, James A. Graham, hereby incorporates the foregoing Paragraphs as though the same were fully set forth herein.

20. 29 U.S.C. §207 requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

21. James routinely worked more than forty (40) hours per workweek without receiving overtime compensation from Keystone.

22. As a direct and proximate result of Keystone's unlawful conduct, James suffered a loss of income and other damages. James is entitled to reimbursement for reasonable attorneys' fees and costs incurred in connection with this claim.

23. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act. Keystone knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## COUNT II
## PENNSYLVANIA'S WAGE PAYMENT AND COLLECTION LAW
## 43 P.S. §260.3(a) & §260.9(a)(f)

24. The Plaintiff, James A. Graham, hereby incorporates the foregoing Paragraphs as though same were fully set forth herein.

25. Keystone has routinely and systematically withheld overtime compensation owed to James.

26. The withholding of James' overtime compensation is a withholding of wages.

27. The Pennsylvania Minimum Wage Act entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek.

28. 43 P.S. §260.3(a) reads in relevant part that "[e]very employer shall pay all wages other than fringe benefits and wage supplements, due to his employees on regular paydays as designated in advance by the employer. Overtime wages may be considered as wages earned and payable in the next succeeding pay period. All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of

employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period."

29. The withholding of James' wages is a violation of Pennsylvania's Wage Payment and Collection Law (43 P.S. §260.3(a) and §260.9(a)(f)).

30. 43 P.S. §260.9 (f) states that "[t]he court in any action brought under this section **shall**, in addition to any judgment awarded to the plaintiff, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant."

31. Pursuant to 43 P.S. §260.9(a)(f), James is entitled to reasonable attorneys' fees.

## COUNT III
## LIQUIDATED DAMAGES PURSUANT TO WAGE PAYMENT AND COLLECTION LAW 43 P.S. §260.10

32. Plaintiff, James A. Graham, herein incorporates the foregoing Paragraphs as if fully set forth herein.

33. As stated above, Defendant, Keystone has and continues to systematically and continuously withhold from James, overtime compensation owed pursuant to Pennsylvania law.

34. To date, the wages remain unpaid, which is more than thirty (30) days beyond the regularly scheduled payday.

35. Since James' wages have been withheld by Defendant, Keystone, for more than thirty (30) days beyond the regularly scheduled payday and/or sixty (60) days beyond the date of agreement, James is entitled to liquidated damages pursuant to Wage Payment and Collection Law 43 P.S. §260.10.

36. 43 P.S. §260.10 states in relevant part "[w]here wages remain unpaid for thirty days beyond the regularly scheduled payday...or for sixty days beyond the date of the agreement...the employee **shall** be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of the wages due, or five hundred dollars ($500), whichever is greater."

37. James is entitled to recover liquidated damages pursuant to Wage Payment and Collection Law 43 P.S. §260.10.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, James A. Graham, prays for judgment against Defendant, Keystone Clearwater Solutions, LLC, as follows:

A. A finding that James is a non-exempt employee and entitled to protection under the Fair Labor Standards Act and Pennsylvania Minimum Wage Payment Act;

B. A finding that Keystone violated the overtime provisions of the Fair Labor Standards Act and Pennsylvania Minimum Wage Payment Act;

C. A finding that Keystone's violations of the Fair Labor Standards Act were willful;

D. A finding that Keystone violated the Pennsylvania Minimum Wage Payment Act and the violation has extended thirty (30) days beyond James' regular pay date;

E. Judgment against Keystone in the amount of James' unpaid back wages at the applicable rates;

F. An award of liquidated damages;

G. An award of attorneys' fees and costs in prosecuting this matter;

H. Such other relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,

/s/ Ronald T. Elliott, Esquire

DILLON McCANDLESS KING
COULTER & GRAHAM, LLP
128 West Cunningham Street
Butler, PA 16001
(724) 283-2200
relliott@dmkcg.com
Attorney for Plaintiff, James A. Graham